# ALICE CAMPBELL v. DULUTH & NORTHEASTERN RAILROAD COMPANY.[1]

July 15, 1910.

Nos. 16,612—(194).

**Injury to passenger — evidence — charge to jury.**

Upon second appeal in this action (107 Minn. 358), *held:*

1. The verdict is not excessive.

2. Under an allegation in the complaint that the appellant negligently made up its train upon an improper and unsafe plan, and negligently failed to provide sufficient and proper couplings between the cars, evidence was admissible to show that the air brake hose had not been connected at the time the train started.

3. Appellant requested an instruction for a verdict if the jury should find that the unevenness of appellant's roadbed was such as ordinarily exists in logging railroads. The request was properly refused, for the reason that it omitted all reference to the failure to connect the air hose, which was one of the issues under the pleadings.

4. In the general charge the court sufficiently defined the distinction between commercial and logging railroads, and the rule of law applicable to the latter when carrying passengers, and did not err in refusing appellant's special request on that subject.

5. The rule of res ipsa loquitur has no application to this case, the court so instructed the jury, and appellant's request on the subject was not based on the "accident," but on a part of the evidence only, and was properly refused.

---

[1]Reported in 127 N. W. 413.

---

[Note] Liability of proprietor of logging railroad for injury to passenger thereon, see note to Campbell v. Duluth & M. E. R. Co. (Minn.) 22 L. R. A. (N. S.) 190.

Action in the district court for St. Louis county to recover $12,000 for personal injuries incurred while a passenger upon defendant's train. The accident consisted in the rear part of the train colliding with the front part thereof, by reason of which plaintiff was thrown out of her seat. The substance of the negligence alleged in the complaint is stated in the third paragraph of the opinion. The answer admitted defendant was a common carrier of freight and passengers for hire; alleged that plaintiff instead of occupying a seat in the caboose provided for passengers climbed up into the cupola of the caboose; "that its railway track, cars and equipment were all in good and proper condition; that the occasional parting of trains of the kind and class above mentioned is something that cannot be avoided, and is liable to happen at any time with the best equipment of the kind above described in the operations of such trains as above described. Defendant further answering alleged that at the time the said train parted, as aforesaid, it was running very slowly; that nothing was broken when the two parts of the train came in contact; that the jolt or jar that plaintiff received was not more than was liable to occur at any time in the handling of a freight train, and that plaintiff knew, understood and appreciated the risk and danger of riding upon freight trains, and voluntarily assumed the risk of the conditions that resulted in her injury, if any." The reply was a general denial of the new matter in the answer and alleged that defendant invited, requested and assisted plaintiff to a seat in the cupola of the caboose, and that she occupied a seat therein at defendant's request with its permission; that the body of the caboose was occupied by a large number of employees and passengers to the full capacity thereof, and that by reason of defendant's acts she occupied a seat in the cupola.

The case was tried before Dibell, J., and a jury which returned a verdict in favor of plaintiff for $2,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*H. Oldenburg* and *Thomas J. Davis,* for appellant.

*John Jenswold, Jr.,* and *C. R. Magney,* for respondent.

LEWIS, J.

On the former appeal in this case (107 Minn. 358, 120 N. W. 375, 22 L. R. A. [N. S.] 190), the court announced this rule of law: "A carrier having limited fitness and capacity to transport passengers, and whose primary business is to transport its logs, is not held to the standard of perfection of an ideal road, but must exercise the highest degree of care practicable under the circumstances." Upon the new trial respondent again recovered a verdict.

1. While the evidence is, in some respects, unsatisfactory as to the nature and extent of respondent's injuries, we find nothing inherently improbable in her claim. In all cases of this kind, where the injury consists principally of nervous disorders, there is always involved an element of uncertainty and unsatisfaction. Where the question turns on the credibility of the witnesses, and passes the scrutiny of the trial judge, it is an exceptional case which will require interference by an appellate court. The case at bar does not furnish a basis for the exception.

2. Appellant objected to an inquiry whether the air hose had been connected on the entire train at the time it started, upon the ground that it raised an issue not within the pleadings. The complaint states that appellant negligently failed to inspect the roadbed and the track, negligently made up its train upon an improper and unsafe plan, and negligently failed to provide sufficient and proper couplings between the cars in the train in question. All of the cars constituting the train were equipped with air brakes, and the air hose might have been connected. Consequently, if the trainmen failed to connect the hose before starting the train, such failure constituted an improper plan of making up the train, and was an improper coupling together of the different cars. This allegation was sufficient to put appellant upon notice that everything would be inquired into at the trial which usually entered into the proper making up of a train and the coupling of cars, and we discover no prejudice in the inquiry.

3. Appellant requested the court to give the following instruction: "If you find that the unevenness of the defendant's road was such as ordinarily exists in such a logging railroad, and that the

parting of the train was a result of this unevenness, and was without negligence on the part of defendant, then you will find for defendant." In the general charge the court called attention to the character of the road, in what manner it differed from a general commercial railroad, that it was to some extent a carrier of passengers, and applied the rule of commensurate care, adopted on the former appeal. The request calls specific attention to the distinction between a commercial railroad and a logging railroad, but so did the court in the general charge. But the request assumed that the unevenness of the track was the only ground upon which respondent could recover. The injury may have been caused, not only by the uneven condition of the track, but also by the failure to connect the air hose. Whatever may have caused the train to part, there is reasonable ground for the conclusion that the jar might have been averted, had the air hose been connected, which would have set the brakes and prevented the separated parts from bumping into each other.

4. The substance of the eleventh and twelfth requests was given by the court in its general charge, and the distinction between a commercial and a logging railroad was pointed out to the jury sufficiently to give them an understanding of the application of the rule of the case.

5. The court refused to give the thirteenth request, which was as follows: "The breaking apart of the train in question upon defendant's logging road does not of itself raise the presumption of negligence on the part of the defendant. The law requires of plaintiff prima facie evidence of the specific facts which in this case constituted negligence, and without such proof plaintiff cannot recover." In the general charge the court said: "The burden of proof is upon the plaintiff to show that the negligence of the defendant caused the injury to her. The mere fact that an accident happened does not prove negligence in a defendant. Where, however, that which causes the accident is in the possession and under the control of the defendant, and the accident is such a one as in the ordinary course of things would not happen if the care exacted of it were exercised, there may be afforded, in the absence of explanation

by the defendant, a reasonable ground for finding negligence. It is for you to take into consideration the nature of the accident, whether it was one which in the ordinary course of things would have happened if the defendant exercised the required amount of care, the explanation given by the defendant of the condition of its road and its equipment and its operation, or elsewhere appearing in the evidence, and find whether the defendant exercised the care required of it."

By refusing to give the request, the learned trial court did not intend to convey the idea that the rule of res ipsa loquitur was applicable to the case. The parting of the train was only one of the steps in bringing about the result, hence that part of the request might have been refused on that ground. The court correctly stated the rule that the mere fact that an accident happened did not prove negligence, and we are of opinion that the effect of it was not destroyed by the general statement which followed. The jury were informed that the burden was upon the respondent to establish negligence, and that they should take into consideration all the circumstances of the case. We find no error in refusing this request.

6. The evidence sustains the verdict, and it does not conclusively appear that respondent assumed the risk.

Affirmed.